IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JAMES MITCHELL,          )
                                 )
       Plaintiff,                )
                                 )
       v.                        )   Civil Action No. 15-1021
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY  )
ADMINISTRATION,                  )
                                 )
       Defendant.                )

O R D E R

AND NOW, this 27th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] The primary focus of Plaintiff's argument is that the administrative law judge ("ALJ") erred in failing to find that the nature of his knee condition changed substantially on or around March 23, 2013. Plaintiff alleges that, by relying on evidence from before this date, the ALJ's analysis is flawed as it disregards the later aggravation of the condition. The Court disagrees and finds that substantial evidence supports the decision of the ALJ.

There is no dispute that Plaintiff's bilateral knee problems started prior to March 23, 2013. (R. 1053, 1158). Plaintiff claims, though, that his knee condition changed so drastically in March of 2013 when his knees gave out so as to render earlier evidence as to his condition irrelevant. However, this contention is based primarily on Plaintiff's own assessment of his condition and not on the medical evidence. Although it is clear that Plaintiff did seek treatment for knee pain on and after March 23, there is no medical evidence establishing a fundamental change in the nature of the condition. To the contrary, the evidence seems to suggest that Plaintiff's knee condition remained relatively unchanged from before to after March of 2013. For example, x-rays taken on March 26, 2013 showed Plaintiff's knee condition as essentially unchanged as compared to January 9, 2010. (R. 631, 814). Further, although Plaintiff points out that he was prescribed a knee brace after March of 2013, the record demonstrates that he had used a knee brace prior to that date as well. (R. 811). When Plaintiff was examined on March 26, 2013, he told providers that he had experienced no trauma regarding his knee other than having bumped it on a bus a couple of weeks earlier. (R. 811). Physical examination at that time showed no effusion, no redness, no warmth, intact range of motion, and tenderness but no instability on varus/valgus stress. (R. 813). Moreover, as the ALJ explained, Plaintiff, subsequent to March 23, expressed that steroid injections had greatly improved his knee condition. (R. 1385, 1434). Further, as the ALJ pointed out, Plaintiff refused knee surgery after the alleged aggravation of his condition. (R. 1510). This provides substantial evidence in support of the ALJ's decision to consider evidence from both before and after March 23 in assessing Plaintiff's subjective complaints of pain, the medical opinion evidence, and Plaintiff's residual functional capacity.

Accordingly, it was not improper for the ALJ to give more weight to the opinion of the state reviewing agent, Alicia Blando, M.D., submitted on October 5, 2012 (R. 509-14) than to the opinion of Suzanne Edkins, CRNP, submitted on May 23, 2013 (R. 1454-1484), merely because one was rendered prior to the alleged aggravation of

Plaintiff's knee condition and one after. Indeed, in determining the weight to give to these opinions, the ALJ considered objective medical evidence from both before and after March of 2013, including Ms. Edkins own findings. (R. 32, 33). He further pointed out that Ms. Edkins, as a nurse practitioner, is not considered to be an "acceptable medical source" within the meaning of the regulations; rather, she falls under the category of "other sources." 20 C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d). The ALJ properly evaluated the evidence in making his findings, and substantial evidence supports those findings.

The Court further notes that, although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)(internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). As discussed, the record here establishes that the ALJ certainly could give more weight to the opinion of the state reviewing agent than to that of a nurse practitioner, and the ALJ adequately explained his reasons for doing so.

Substantial evidence also supports the ALJ's credibility determinations. The ALJ, as he is required to do, considered factors such as Plaintiff's daily activities and his decision not to have surgery despite medical advice to do so in evaluating Plaintiff's subjective complaints of pain. See 20 C.F.R. §§ 404.1529(c), 416.929(c). Moreover, the ALJ's consideration of Plaintiff's receipt of unemployment benefits in evaluating his credibility was proper. See Myers v. Barnhart, 57 Fed. Appx. 990, 997 (3d Cir. 2003). The ALJ did not in any way imply that Plaintiff was precluded from receiving benefits under the Social Security Act for this reason, but rather, considered this fact as part of his overall analysis. As a general matter, an ALJ's credibility determination is afforded significant deference. See Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Here, there was clearly sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 14) is DENIED, and Defendant's Motion for Summary Judgment (document No. 17) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Finally, there is no merit to Plaintiff's argument that he meets Listing 1.02A, 20 C.F.R. pt. 404, subpt. P, App. 1. To meet this listing, a claimant must establish "involvement of one major peripheral weight-bearing joint (i.e., hip, knees, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." The inability to ambulate effectively is defined in 1.00B2b as "an extreme limitation of the ability to walk," generally requiring the use of a hand-held assistive device that limits the functioning of both upper extremities. Plaintiff, rather than addressing whether he meets this criteria, merely argues that he generally struggles to ambulate effectively. However, by failing to establish an inability to ambulate effectively as defined in the regulations, Plaintiff fails to establish that he meets the listing at issue. See Degenaro-Huber v. Comm'r of Soc. Sec., 533 Fed. Appx. 73, 75 (3d Cir. 2013) (holding that, to meet a listing, a plaintiff must "present medical findings equal in severity to *all* the criteria of a listed impairment"(quoting Sullivan v. Zebley, 493 U.S. 521, 531 (1990) (emphasis in the original))).

Accordingly the Court affirms the decision of the ALJ.